1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    BRIAN DARNELL EDWARDS,

11               Plaintiff,                        No. 2: 10-cv-3461 WBS KJN P

12        vs.

13    HIGH DESERT STATE PRISON, et al.,

14               Defendants.                       <u>ORDER</u>

15    _____/

16            Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17    pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18    28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19    and Local Rule 302.

20            Plaintiff has submitted a declaration that makes the showing required by

21    28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23    28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24    fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25    will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26    trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

1   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

2   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

3   as true the allegations of the complaint in question,  id., and construe the pleading in the light

4   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

5   　　　　Plaintiff's complaint contains twelve mostly unrelated claims against different

6   defendants.  In claim one, plaintiff alleges that defendant Perez violated his First Amendment

7   rights by enacting a policy that prohibited plaintiff from receiving a magazine called American

8   Curves.  In claim two, plaintiff alleges that defendant Keating mishandled his legal mail.  In

9   claim three, plaintiff alleges that defendant Alkire violated his constitutional rights by dropping

10   plaintiff's mail on a dirty floor and then kicking it under the door.  Plaintiff also claims that

11   defendants Barron and Wedemeyer violated his constitutional rights by serving him breakfast on

12   a paper tray.  In claim four, plaintiff alleges that defendant Clements violated his constitutional

13   rights by chewing tobacco while passing out food.  In claim five, plaintiff alleges that defendant

14   Barron violated his constitutional rights by refusing to give him a towel.  Plaintiff also claims

15   that defendant Moore sexually harassed him.  In claim seven, plaintiff alleges that defendant

16   Harper violated his constitutional rights by confiscating two photograph albums and a phone

17   book.

18   　　　　In claim eight, plaintiff alleges that defendant Robertson violated his

19   constitutional rights by failing to properly process his administrative appeals.  In claim nine,

20   plaintiff alleges that there is no vocational training at High Desert State Prison.  In claim ten,

21   plaintiff alleges that he was denied access to his breathing treatment in violation of his

22   constitutional rights.  In claim eleven, plaintiff alleges that defendant Cheney violated his

23   constitutional rights by giving him a used inhaler.  In claim twelve, plaintiff alleges that

24   defendant Turner-Gamberg violated his constitutional rights by turning off the hot water in the

25   dayroom and threatening to deny plaintiff medical care if he did not kiss her ass.

26   ////

1    Federal Rule of Civil Procedure 18(a) provides: "A party asserting a claim,

2    counter-claim, crossclaim, or third-party claim may join, as independent or alternative claims, as

3    many claims as it has against an opposing party."  "Thus multiple claims against a single party

4    are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against

5    Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against

6    different defendants belong in different suits[.]"  Id.

7    It is true that Federal Rule of Civil Procedure 20(a) provides that "[p]ersons ...

8    may be joined in one action as defendants if: (A) any right is asserted against them jointly,

9    severally, or in the alternative with respect to or arising out of the same transaction, occurrence,

10   or series of transactions or occurrences; and (B) any question of law or fact common to all

11   defendants will arise in the action."  However, "[a] buckshot complaint that would be rejected if

12   filed by a free person-say, a suit complaining that A defrauded the plaintiff, B defamed him, C

13   punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions -

14   should be rejected if filed by a prisoner."  Id. at 607.

15   Plaintiff's complaint contains unrelated claims against different defendants.

16   Because plaintiff has filed a "buckshot" complaint, it is dismissed with leave to amend.  If

17   plaintiff files an amended complaint, he should only include related claims.  For example, an

18   amended complaint may include all of his claims alleging inadequate medical care.

19   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

20   conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

21   Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

22   how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

23   unless there is some affirmative link or connection between a defendant's actions and the

24   claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

25   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

26   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

4

1    268 (9th Cir. 1982).

2              In addition, plaintiff is hereby informed that the court cannot refer to a prior

3    pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

4    an amended complaint be complete in itself without reference to any prior pleading.  This

5    requirement exists because, as a general rule, an amended complaint supersedes the original

6    complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

7    complaint, the original pleading no longer serves any function in the case.  Therefore, in an

8    amended complaint, as in an original complaint, each claim and the involvement of each

9    defendant must be sufficiently alleged.

10             Plaintiff has also requested the appointment of counsel.  The United States

11   Supreme Court has ruled that district courts lack authority to require counsel to represent

12   indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

13   (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

14   counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

15   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

16   court does not find the required exceptional circumstances.  Plaintiff's request for the

17   appointment of counsel will therefore be denied.

18             In accordance with the above, IT IS HEREBY ORDERED that:

19             1.  Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 8) is

20   granted.

21             2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

22   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

23   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

24   Director of the California Department of Corrections and Rehabilitation filed concurrently

25   herewith.

26             3.  Plaintiff's complaint is dismissed.

1    4.  Within thirty days from the date of this order, plaintiff shall complete the

2  attached Notice of Amendment and submit the following documents to the court:

3    a.  The completed Notice of Amendment; and

4    b.  An original and one copy of the Amended Complaint.

5  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

6  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

7  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

8  Failure to file an amended complaint in accordance with this order may result in the dismissal of

9  this action.

10    5.  Plaintiff's motion for the appointment of counsel (Dkt. No. 2) is denied.

11  DATED:  February 10, 2011

12

13

14  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

15  ed3461.14

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRIAN DARNELL EDWARDS,

11            Plaintiff,                          No. 2: 10-cv-3461 WBS KJN P

12       vs.

13   HIGH DESERT STATE PRISON, et al.,           <u>NOTICE OF AMENDMENT</u>

14            Defendants.

15   _____/

16            Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18            _____          Amended Complaint

19   DATED:

20

21

22

23                                       _____

24                                       Plaintiff

25

26

                                          7