IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN DARNELL EDWARDS,

      Plaintiff,                      No. 2: 10-cv-3461 WBS KJN P

      vs.

HIGH DESERT STATE PRISON, et al.,

      Defendants.             ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On February 14, 2011, the court dismissed plaintiff's complaint with leave to amend. On March 21, 2011 plaintiff filed a first amended complaint.

      The court has reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable claim against defendants Turner-Gambery, Cheney, Mitchell and Swingle. See 28 U.S.C. § 1915A.

      For the reasons stated below, the court finds that the complaint does not state a cognizable claim against defendant Warden McDonald. The claims against this defendant are dismissed with leave to amend.

////

////

1

1     The amended complaint contains no allegations against defendant McDonald.

2 The Civil Rights Act under which this action was filed provides as follows:

3 > Every person who, under color of [state law] . . . subjects, or causes
>  to be subjected, any citizen of the United States . . . to the
4 > deprivation of any rights, privileges, or immunities secured by the
>  Constitution . . . shall be liable to the party injured in an action at
5 > law, suit in equity, or other proper proceeding for redress.

6 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

7 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

8 Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

9 § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

10 (no affirmative link between the incidents of police misconduct and the adoption of any plan or

11 policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

12 another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

13 affirmative act, participates in another's affirmative acts or omits to perform an act which he is

14 legally required to do that causes the deprivation of which complaint is made."  Johnson v.

15 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16     Moreover, supervisory personnel are generally not liable under § 1983 for the

17 actions of their employees under a theory of respondeat superior and, therefore, when a named

18 defendant holds a supervisorial position, the causal link between him and the claimed

19 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

20 (9th Cir. 1979) (no liability where there is no allegation of personal participation; Mosher v.

21 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

22 there is no evidence of personal participation).  Vague and conclusory allegations concerning the

23 involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

24 of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

25 personal participation is insufficient).

26 ////

Because plaintiff has failed to link defendant McDonald to the alleged deprivations, the claims against this defendant are dismissed with leave to amend.

Plaintiff may proceed forthwith to serve defendants Turner-Gambery, Cheney, Mitchell and Swingle and pursue his claims against only those defendants, or he may delay serving any defendant and attempt to state a cognizable claim against defendant McDonald.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendant McDonald, he has thirty days in which to amend his complaint. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Turner-Gambery, Cheney, Mitchell and Swingle, against whom he has stated a potentially cognizable claim for relief, then within thirty days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant McDonald without prejudice.

Any second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P.

10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that

1  is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

A second amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a second amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation

of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Turner-Gambery, Cheney, Mitchell and Swingle.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Therefore, plaintiff's request for the appointment of counsel is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Claims against defendant McDonald are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against this defendant. Plaintiff is not obliged to amend his complaint.

2. The allegations in the pleading are sufficient at least to state potentially cognizable claims against defendants Turner-Gambery, Cheney, Mitchell and Swingle. See 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed March 21, 2011, 4 USM-285 forms and instructions for service of process on defendants Turner-Gambery, Cheney, Mitchell and Swingle. Within thirty days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and five copies of the endorsed amended complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Turner-Gambery, Cheney, Mitchell and Swingle will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). If plaintiff elects to proceed with service, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against

defendant McDonald without prejudice.

    3. Failure to comply with this order will result in a recommendation that this action be dismissed.

    4. Plaintiff's motion for appointment of counsel (Dkt. No. 12) is denied.

DATED: March 25, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ed3461.14(2)

```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  BRIAN DARNELL EDWARDS,
11             Plaintiff,              No. 2: 10-cv-3461 WBS KJN P
12       vs.
13  HIGH DESERT STATE PRISON, et al.,
14             Defendants.             NOTICE OF SUBMISSION OF DOCUMENTS
15  _____/
```

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        __1__    completed summons form

        _____    completed forms USM-285

        _____    copies of the _____

                    5 Amended Complaint

      Plaintiff consents to the dismissal of defendant McDonald without prejudice.

    OR

      _____ Plaintiff opts to file a second amended complaint and delay service of process.

Dated:

                                      _____
                                              Plaintiff