IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN DARNELL EDWARDS,

    Plaintiff,                               No. 2:10-cv-3461 WBS KJN P

    vs.

HIGH DESERT STATE PRISON, et al.

    Defendants.                          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff filed a motion to continue discovery and postpone ruling on the pending motion for summary judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.  Plaintiff claims that his first set of discovery was filed wrong, his second set was only half-answered, and his motion to compel was denied.[1]  Plaintiff claims that he needs the badge numbers of the officers who called defendant Mitchell on December 23, 2008, and copies of the log book stating why he was released at 7:00 p.m. that day.  Plaintiff contends he needs the badge number for LVN Garcia, and the CDC 7243 form from May 19, 2009, when he was provided a breathing treatment by LVN Garcia, and she

---

[1] Plaintiff also claims that his motion for reconsideration of the denial of his motion to compel remains pending.  However, the district court affirmed the order denying the motion to compel on April 18, 2012.  (Dkt. No. 52.)

ordered the new inhaler. Plaintiff also states that he needs to depose "all three state employees" in order to "show there was medical neglect." (Dkt. No. 55 at 2.) In his supporting declaration, plaintiff claims that he was housed in administrative segregation when he received the discovery and scheduling order, and was unable to obtain "proper" law library access. (Dkt. No. 55 at 4.) Plaintiff complains that his requests for appointment of counsel were denied. Plaintiff also alleges that he did not receive his discovery questions back until December 20, 2011, and his motion to compel was due December 30, 2011.

Defendants oppose plaintiff's motion, noting that he filed his motion for continuance on the same day he filed his opposition to the motion. (Dkt. No. 56 at 1.) Defendants note that the discovery and scheduling order issued on September 15, 2011, and discovery closed on December 30, 2011, and that plaintiff's motion to compel was denied as untimely on March 7, 2012. Defendants contend plaintiff's motion should be denied.

Rule 56(d)[2] of the Federal Rules of Civil Procedure provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). A party asking for more time to conduct discovery to oppose summary judgment bears the burden of demonstrating that the evidence sought actually exists. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1990).

The record reflects that plaintiff failed to diligently pursue discovery. Plaintiff provided a copy of a letter from opposing counsel, dated October 19, 2011. Counsel informed

---

[2] Rule 56(d) of the Federal Rules of Civil Procedure was formerly numbered 56(f).

1 plaintiff that his discovery requests were defective, reminded plaintiff of the December 30, 2011
2 discovery deadline, and offered to waive the discovery deadline for the limited purpose of
3 responding to plaintiff's first set of request for admissions and production of documents.  (Dkt.
4 No. 55 at 12-13.)  Plaintiff did not seek an extension of the discovery deadline, and did not
5 inform the court, in his motions to compel, about any delay caused by his apparent
6 misunderstanding of the discovery practice.  Rather, plaintiff waited almost four months after
7 discovery closed in which to seek to reopen discovery.

8          In addition, plaintiff has not demonstrated that the discovery he seeks is necessary
9 to oppose the motion for summary judgment.  Tatum v. San Francisco, 441 F.3d 1090, 1100 (9th
10 Cir. 2006).  As set forth in the findings and recommendations issued herewith, the motion as to
11 plaintiff's May 19, 2009 allegations against defendant Cheney does not turn on who provided the
12 breathing treatment on that date, and defendants provided plaintiff with a copy of the May 19,
13 2009 order for a new inhaler, which was issued by defendant Cheney, not LVN Garcia.  (Dkt.
14 Nos. 47-6 at 7.)

15          Similarly, defendants provided a copy of the December 23, 2008 medical log book
16 in connection with their motion.  (Dkt. No. 47-6 at 5.)  There is no notation as to why plaintiff
17 was released, or who authorized his release; only that he received a breathing treatment at 19:05
18 on that date.  (Id.)

19          Insofar as the badge numbers for the officers who allegedly called defendant
20 Mitchell on December 23, 2008, plaintiff provided no good cause for the delay in seeking this
21 information, or for his failure to earlier seek relief from the court.  Moreover, it is unlikely that
22 these defendants would recall, over four years later, information that is not contained in the
23 prison logbooks for December 23, 2008.  In addition, plaintiff fails to demonstrate how obtaining
24 their badge numbers would demonstrate defendant Mitchell was deliberately indifferent to
25 plaintiff's serious medical needs on December 23, 2008.
26 ////

Finally, plaintiff fails to support his stated need to depose "all three state employees," by identifying the deponents by name, or the specific claim or claims they would address, or the facts he would seek to obtain through such depositions, other than to show "medical neglect." This is insufficient to show the specific facts such depositions would reveal, or how such facts are essential to oppose the summary judgment motion.

For all of these reasons, plaintiff's motion to continue discovery is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to continue discovery (dkt. no. 55) is denied.

DATED: February 27, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

edwa3461.56f